In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-168 CV


____________________



IN RE ZURICH AMERICAN INSURANCE COMPANY 


AND KATHRYN KUBA







Original Proceeding






MEMORANDUM OPINION (1)


 In this original proceeding the relators, Zurich American Insurance Company
("Zurich") and Kathryn Kuba, seek a writ of mandamus directing the trial court to vacate
an order assuming jurisdiction over certain claims of real party in interest Arthur Hill and
to enter an order dismissing Hill's medical dispute claims with prejudice. 

 Hill filed a suit alleging bad faith in handling of his claim for worker's
compensation. The relators' plea to the jurisdiction alleged Hill was required to submit
his medical benefits claims to the medical dispute resolution ("MDR") system of the Texas
Workers Compensation Commission ("TWCC"). The relators argued that the suit must
be dismissed with prejudice because Hill failed to timely request medical dispute
resolution. The trial court ruled that Hill's failure to exhaust his remedies by proceeding
through the MDR system precluded him from asserting that the denials by the relators that
the bills were reasonable and necessary constituted bad faith in this case. The trial court
limited its ruling to claims that the denial of medical bills on the basis that the bills were
not reasonable and necessary, and ruled that Hill was not precluded from asserting bad
faith "to the extent that any medical bills or treatment sought was disputed by Defendant
on the grounds that Plaintiff's injuries were not compensable or the treatment was not
related to the injuries. . . ." Hill argues he may litigate bad faith claims involving the
dispute over compensability because the issue of compensability was fully adjudicated
before the TWCC. 

 The relators have not established a "judicial appropriation of state agency authority"
warranting relief through mandamus proceedings. See In re Entergy, 142 S.W.3d 316,
321 (Tex. 2004). Accordingly, the petition for writ of mandamus, filed April 27, 2005,
is denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered May 19, 2005 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R.App. P. 47.4.